UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CITY OF CHESTERFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:23-cv-01534-SRC |
| | ) | |
| KENNETH ROSA, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>Memorandum and Order</u>**

In October 2023, Defendant Kenneth Rosa pleaded guilty to a municipal infraction in state court.  Shortly after pleading guilty, he moved to withdraw his guilty plea.  Now, Rosa seeks to remove his state prosecution to this Court "based on federal question, violation of constitutional rights."  Doc. 1 at 2.  Because no law supports removal in these circumstances, the Court remands the case.

## I.    Background

In March 2022, police responded to a domestic dispute between Rosa and his girlfriend. Doc. 1-3 at 30–42.  The police described both Rosa and the girlfriend as "white" and "not of Hispanic origin."  *Id*. at 31.  Four months later, the City of Chesterfield prosecuted Rosa for domestic assault.  Doc. 1 at 4; doc. 1-3 at 4.  Over a year later, on October 16, 2023, Rosa pleaded guilty to the municipal infraction.  Doc. 1 at 4; *see also* doc. 1-3 at 1, 23–25.  Rosa moved to withdraw his plea less than two weeks later, doc. 1-3 at 5–22, which the court quickly denied, *id*. at 1.

Rosa, unrepresented by counsel, then removed his prosecution to this Court.  Doc. 1. Rosa dated the removal notice November 13, 2023.  *Id*. at 1.  But he dated the civil cover sheet

and original-filing form November 30, 2023.  Docs. 1-1, 1-2.  The Court received his filing on

this second date.  *See id.*

In his notice, Rosa claims removal is "based on substantial infringements of his federal

and constitutional rights, including but not limited to due process, equal protection, a swig [sic]

trial, and safeguards against breaches of said rights, as enshrined in the U.S. Constitution."  Doc.

1 at 4.  Specifically, he alleges he "was forced and coerced to enter a guilty plea for a municipal

infraction . . . after he was threatened with jail," *id*.; the trial court "failed to advise [him] that he

[could] withdraw his guilty plea," *id*.; the court "acted improperly by accepting the guilty plea

and abused its discretion," *id*. at 5; the prosecutor and judge engaged in ex parte

communications, *id*. at 6; the court denied him legal representation, *id*. at 8; and the prosecutor

failed to provide Rosa with a witness list and evidence, *id*. at 9–10.  Further, Rosa cites to several

provisions in his notice:  "28 U.S.C. si446 [sic]," *id*. at 1; "28.U.S.G. [sic] 133.2 [sic] 1441 and

1445," *id*.; 28 U.S.C. § 1443, *id*. at 2; "28 U.S.C. s 1446(a)," *id*. at 3; 28 U.S.C. § 1455(b)(4), *id*.;

and "28 USC SI446 [sic]," doc. 1-1 at 1.  The Court construes these references as 28 U.S.C.

§§ 1332, 1441, 1443, 1445, 1446, and 1455.  *See, e.g.*, *Estelle v. Gamble*, 429 U.S. 97, 106

(1976) (liberally construing pro se complaint).

## II.   Standard

In "narrow circumstances," a criminal defendant may remove his state prosecution to

federal court under 28 U.S.C. § 1443(1).  *See City of Greenwood, Miss. v. Peacock*, 384 U.S.

808, 831 (1966); *see also id.* at 828 ("Under [§] 1443(1), the vindication of the defendant's

federal rights is left to the state courts except in . . . rare situations . . . .").  Addressing "Civil

rights cases," section 1443(1) provides:

Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof.

Removal under section 1443(1) must satisfy a two-pronged test. *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975). "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Id.* (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)). "Second, it must appear . . . that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of (the) State.'" *Id.* (quoting *Rachel*, 384 U.S. at 803, 799). Generally, this "requires that the 'denial be manifest in a formal expression of state law . . . such as a state legislative or constitutional provision, 'rather than a denial first made manifest in the trial of the case.'" *Id*. (quoting *Rachel*, 384 U.S. at 803, 799).

Federal law dictates the procedure for criminal-prosecution removal. 28 U.S.C. § 1455(b). A party must remove a criminal prosecution "not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier." § 1455(b)(1). But "for good cause shown," the federal district court "may enter an order granting the defendant or defendants leave to file the notice at a later time." *Id*. Further, the federal district court must remand if "it clearly appears on the face of the notice and any exhibits . . . that removal should not be permitted." § 1455(b)(4).

## III.   Discussion

Rosa seeks to remove his state-criminal prosecution. Doc. 1. As such, four of Rosa's cited provisions do not apply here: section 1332 (addressing diverse civil actions), section 1441

3

(addressing civil-action removal), section 1445 (addressing nonremovable civil actions), and

section 1446 (addressing procedure for civil-action removal). Two of Rosa's cited provisions

apply to criminal cases: section 1443 (addressing civil-rights cases, including criminal

prosecutions) and section 1455 (addressing criminal-prosecution removal). But because Rosa

fails to satisfy the two prongs of section 1443(1), the Court remands this case.

First, Rosa fails to allege violations of a federal law aimed at racial equality. *See*

*Johnson*, 421 U.S. at 219 (quoting *Rachel*, 384 U.S. at 792). Rosa alleges the state judge and

prosecutor violated certain rights "as enshrined by the U.S. Constitution," such as due process,

equal protection, doc. 1 at 4, and the Sixth Amendment, doc. 1 at 8. Because Rosa identifies

only constitutional rights of general applicability, he fails to satisfy the first prong. *See Johnson*,

421 U.S. at 219 ("Claims that prosecution and conviction will violate rights under constitutional

or statutory provisions of general applicability or under statutes not protecting against racial

discrimination, will not suffice."). In fact, Rosa's recitation of section 1443, doc. 1 at 3, and the

police report, doc. 1-3 at 31—recording the race of Rosa and his girlfriend—provide the only

mentions of race in Rosa's filing. As such, it is unclear how these facts could implicate a law

protecting against racial discrimination.

Second, Rosa fails to show that the state denied or cannot enforce his federal

constitutional rights. *See Johnson*, 421 U.S. at 219 (quoting *Rachel*, 384 U.S. at 803, 799); *see*

*also Greenwood*, 384 U.S. at 828 (citations omitted) ("Under [§] 1443(1), the vindication of the

defendant's federal rights is left to the state courts except in the rare situations where it can be

clearly predicted by reason of the operation of a pervasive and explicit state or federal law that

those rights will inevitably be denied by the very act of bringing the defendant to trial in the state

court."). Rosa makes no argument regarding the state's inability to vindicate his federal

constitutional rights.  And, based on these facts, the Court cannot "clearly predict" that "those rights will inevitably be denied."  *Id*.  Thus, Rosa fails to satisfy the second prong.

In addition to failing substantively, Rosa's removal fails procedurally.  Rosa claims the notice was "timely submitted, as it [came] within thirty days after [Rosa] [withdrew] his guilty plea submitted to the Clerk of Court."  Doc. 1 at 3.  But this timing fails to satisfy section 1455(b)(1), which requires removal within "30 days after the arraignment in the State court, or at any time before trial, whichever is earlier."  Rosa's state prosecution began in July 2022.  Doc. 1-3 at 4.  And he pleaded guilty on October 16, 2023.  Doc. 1 at 4.  Whether he removed on November 13 or November 30, Rosa removed well after 30 days post-arraignment.  Thus, Rosa untimely removed.  Further, as Rosa failed to allege good cause for his delay, the Court finds no "good cause shown" allowing deviation from the rule.  *See* § 1455(b)(1).  Finally, section 1455(b)(4) mandates remand if "it clearly appears on the face of the notice and any exhibits . . . that removal should not be permitted."  Based on Rosa's filing, the Court finds removal should not be permitted and remands this case.

## IV.    Conclusion

Pursuant to section 1455(b)(4), the Court remands this case to the St. Louis County Circuit Court, 21st Judicial Circuit of Missouri, and directs the Clerk of the Court to mail a certified copy of this order of remand to the clerk of the state court.  A separate order of remand accompanies this memorandum and order.

So ordered this 29th day of December 2023.

_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE